UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1389 RWS |
| ) | |
| PATRICK STANGLER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on defendant's motion to transfer venue. Defendant, who is proceeding pro se, seeks to transfer this case to the Northern District of Florida case because he does not live in Missouri and "can't afford to travel back and forth between Florida and St. Louis for hearings for this case." Plaintiff does not challenge jurisdiction, nor does he contend that venue is improper in this district. Instead, he simply "see[s] no reason to have this hearing in the Eastern District of Missouri."

Defendant's motion provides no basis to transfer this case to the Northern District of Florida. According to the complaint, defendant (an apparently disgruntled former customer) registered and displayed pornographic imagery at www.westcountybmw.com, one of plaintiff's Missouri car dealerships.[1] Plaintiff then "offered" to sell the website name to plaintiff and continued to demand money from plaintiff, which plaintiff refused. Several customers have complained to plaintiff about the offensive conduct plaintiff posted on the website.

Venue is proper in this district because a "substantial part of the events or omissions giving rise to the claim occurred" here. See 28 U.S.C. § 1391(a)(2). Therefore, plaintiff carries a

---

[1]Plaintiff also posted links to plaintiff's competitors at the website.

heavy burden to demonstrate that transfer under 28 U.S.C. § 1404(a) is warranted. See Terra International, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997). Even if the Court assumes that this action could have been brought in the Northern District of Florida because defendant lives there, transfer must still be for the convenience of parties and witnesses and in the interests of justice. 28 U.S.C. § 1404(a). Plaintiff's choice of forum, here the Eastern District of Missouri, must be given considerable deference. Terra International, 119 F.3d at 695. Although plaintiff argues that it is expensive for him to travel to Missouri, merely shifting the inconvenience and expense from one party to the other does not overcome plaintiff's choice of forum and justify transferring this case to Florida. See id. at 696-97.

Defendant names no non-party witnesses that would be inconvenienced or beyond the Court's subpoena power if this case were not transferred. See May Department Stores Co. v. Wilansky, 900 F. Supp. 1154, 1165 (E.D. Mo. 1995) (convenience of non-party witnesses of far more importance to transfer analysis than convenience of parties). Here, plaintiff's key witnesses, some of whom are non-party witnesses, are residents of this district and therefore beyond the subpoena power of a Florida court.

Finally, defendant also offers no evidence demonstrating that the interests of justice weigh in favor of granting the motion the motion to transfer. This forum has an interest in adjudicating this dispute, and defendant has failed to make a "clear showing that the balance of interests weighs in favor of the [defendant]." General Committee of Adjustment GO-386 v. Burlington Northern R.R., 895 F. Supp. 249, 252 (E.D. Mo. 1995) (internal citation and quotation marks omitted).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for change of venue [#16] is denied.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of November, 2011.